IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYAN ZESIGER,

      Plaintiff,

      v.

LEAVENWORTH COUNTY, KANSAS,

      Defendant.

Case No. 2:25-CV-02322-JAR-RES

## MEMORANDUM AND ORDER

Plaintiff Bryan Zesiger, proceeding *pro se*, filed this removal action against Defendant Leavenworth County, Kansas, alleging that Defendant violated his constitutional rights by denying and withholding public records, thereby denying him access to the courts and retaliating against him.  This matter is now before the Court on Defendant's Motion to Dismiss (Doc. 3) under Fed. R. Civ. P. 12(b)(5) and 12(b)(6).  Plaintiff has not filed a response, and the time to do so has expired.[1]  For the reasons stated below, the Court grants Defendant's motion.  However, the Court also grants Plaintiff leave to amend to cure the pleading deficiencies identified in this Order and grants Plaintiff an extension of time to effect proper service.

## I.  Background

Plaintiff filed this action in the District Court of Leavenworth County, Kansas, on May 15, 2025.  The Petition alleges that between May 8 and May 15, 2025, he submitted multiple public-records requests to Defendant under the Kansas Open Records Act ("KORA") in preparation of a "civil rights lawsuit alleging unequal treatment, retaliation, and suppression of agricultural enterprise under the First, Fifth, and Fourteenth Amendments of the U.S.

---

[1] *See* D. Kan. R. 6.1(d)(1) (providing a 21-day response deadline for dispositive motions).

Constitution."[2]  Plaintiff further alleges that Defendant, "acting by and through its designated KORA Officer, County Counselor Misty Brown," issued a blanket denial of those pending requests as harassing or disruptive, thereby violating his constitutional rights.[3]

Liberally construing the Petition, as the Court must,[4] Plaintiff asserts two claims under 42 U.S.C. § 1983: (1) denial of access to courts, and (2) First Amendment retaliation.  Plaintiff served the Petition on Misty Brown, the Leavenworth County Counselor on May 15, 2025.  On June 13, 2025, Defendant removed the case to this Court under 28 U.S.C. §§ 1331, 1441, and 1446.  Defendant now moves to dismiss under Fed. R. Civ. P. 12(b)(5) and 12(b)(6).

## II.    Standard

### A.  Rule 12(b)(6): Failure to State a Claim

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[5] and include "enough facts to state a claim to relief that is plausible on its face."[6]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[7]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[8]  The Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the

---

[2] Doc. 1-1 ¶¶ 4–5, 18.

[3] *Id.*  ¶¶ 4, 8, 18–20.

[4] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[6] *Id.* at 570.

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

allegations can be proven.[9]  The Court will view all well-pleaded factual allegations in the light most favorable to the plaintiff.[10]  And because Plaintiff proceeds *pro se*, the Court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[11]  However, Plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[12]

### B.  Rule 12(b)(5): Insufficient Service of Process

When a defendant moves to dismiss on the basis of insufficient service of process, "the burden shifts to the plaintiff to make a prima facie showing that he served process properly."[13] In ruling on a Rule 12(b)(5) motion to dismiss, the court "may consider any 'affidavits and other documentary evidence' submitted by the parties and must resolve any 'factual doubt' in a plaintiff's favor."[14]  "A *pro se* plaintiff still must comply with Rule 4 and Kansas law for service of process."[15]

---

[9] *Iqbal*, 556 U.S. at 678.

[10] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Ogden v. San Juan County.*, 32 F.3d 452, 455 (10th Cir. 1994); *see* D. Kan. Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[13] *Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016) (citing *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).

[14] *Id.* (quoting *Fisher*, 531 F. Supp. 2d at 1260).

[15] *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1228 (D. Kan. 2016).

III.    Discussion

    A.  Failure to State a Claim

The Court begins its analysis with Defendant's Rule 12(b)(6) argument.  Defendant argues Plaintiff fails to state a claim because: (1) "Leavenworth County, Kansas" lacks the capacity to be sued under Kansas law; (2) Plaintiff does not plausibly allege a denial-of-access-to-courts claim; (3) Plaintiff does not plausibly allege a First Amendment retaliation claim; and (4) Plaintiff pleads no basis for municipal liability.  While liberally construing Plaintiff's Petition, the Court addresses these arguments in turn.

    1.  **"Leavenworth County, Kansas" lacks the capacity to be sued under Kansas law**

Under Fed. R. Civ. P. 17(b)(3), courts determine a party's capacity to be sued in federal court by examining the law of the state where the court is located.  K.S.A. § 19-105 requires: "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be 'The board of county commissioners of the county of _____[.]'"  Here, Plaintiff names "Leavenworth County, Kansas" itself as the Defendant in this case instead of the Board of County Commissioners of Leavenworth County, as Kansas law requires.  Accordingly, because "Leavenworth County, Kansas" is not a legal entity with the capacity to be sued, Plaintiff's claims against Defendant fail to state a claim for relief.

    2.  **Denial of Access to Courts**

To state a plausible claim for unconstitutional denial of access to the courts, a "plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim" that has been frustrated or impeded by the official act or acts that interfere with access to the courts.[16]  The underlying claim is an

---

[16] *See Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002).

element that must be described in the complaint as though it were being independently pursued.[17] In other words, the underlying claim must be described well enough to permit evaluation of whether it is "nonfrivolous" and "arguable."[18]

Here, Plaintiff alleges only that his KORA requests "are integral to his preparation of a civil rights lawsuit alleging unequal treatment, retaliation, and suppression of agricultural enterprise under the First, Fifth, and Fourteenth Amendments," and that Defendant's "suppression or obstruction of documentary access that impedes the ability to seek redress in court may constitute a denial of access to the courts, actionable under 42 U.S.C. § 1983."[19]

These allegations identify no specific underlying claim: they do not state against whom a claim would be brought, in what forum, or what relief is sought, nor do they allege any of the purported facts giving rise to any such claim. Merely listing constitutional amendments and citing § 1983 does not satisfy the requirement to plead the underlying claim "as though it were being independently pursued," nor does it allow the Court to evaluate whether any such claim is "nonfrivolous" and "arguable."[20] Furthermore, Plaintiff pleads no facts showing how the KORA denials "frustrated or impeded" his efforts to pursue such claims. And to the extent Plaintiff implies that an alleged violation of KORA, standing alone, amounts to a federal constitutional deprivation, a violation of state law alone does not give rise to a federal cause of action under § 1983.[21] Plaintiff thus fails to state a plausible unconstitutional denial of access to the courts claim.

---

[17] *Id.* at 404.

[18] *Id.* at 414–16.

[19] Doc. 1-1 ¶¶ 18–19.

[20] *See Christopher*, 536 U.S. at 414–16.

[21] *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

### 3. First Amendment Retaliation

To plausibly state a claim for unlawful retaliation by government officials in response to a plaintiff's exercise of his First Amendment right to petition for a redress of grievances, the plaintiff must show: (1) that he was engaged in constitutionally protected activity; (2) the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.[22]

Here, Plaintiff merely alleges that "a pattern of denial or withholding of public records for improper motives may also rise to retaliatory conduct in violation of the [c]onstitution."[23] Even assuming the denials of Plaintiff's KORA requests constitute "an injury that would chill a person of ordinary firmness from continuing to engage" in protected activity, Plaintiff alleges no facts that he engaged in any protected activity in the first place. Plaintiff identifies no grievance, lawsuit, public comment, or other activity seeking redress from the government. Nor does Plaintiff plead any facts showing causation—no dates, sequence, statements, or other indicia that the denial of his KORA requests was substantially motivated by any protected activity. As such, Plaintiff's bare assertion of a "pattern" and "improper motives" is insufficient to state a plausible First Amendment retaliation claim.

---

[22] *McLinn v. Thomas Cnty. Sheriff's Dept.*, 535 F. Supp. 3d 1087, 1105 (D. Kan. 2021).

[23] Doc. 1-1 ¶ 20.

### 4. Municipal Liability

Finally, a municipality may not be held liable under § 1983 solely because its employee caused injuries to a plaintiff.[24] Rather, municipal liability under § 1983 exists only when a plaintiff establishes (1) an official policy or custom,[25] (2) caused their civil rights injury, and (3) deliberate indifference by the government entity.[26]

Here, Plaintiff alleges that Defendant "is a public agency as defined under K.S.A. 45-217(f), acting by and through its designated KORA Officer, County Counselor Misty Brown," and that Brown issued a blanket denial of his pending KORA requests on the grounds that they were harassing or disruptive.[27] These allegations are sufficient at the pleading stage to plausibly allege an official policy or custom, because "[i]f the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government 'policy' as that term is commonly understood."[28]

However, Plaintiff still fails to allege facts connecting any official policy or custom to a constitutional injury. As previously discussed, Plaintiff states only in a conclusory fashion that the denials of his KORA requests "may constitute a denial of access to the courts" and "may also rise to retaliatory conduct in violation of the [c]onstitution."[29] Nor does Plaintiff allege facts

---

[24] *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010).

[25] An official policy or custom includes: (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019).

[26] *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020).

[27] Doc. 1-1 ¶¶ 4–8.

[28] *Pembaur v. City of Cincinnati* 475 U.S. 469, 481 (1986).

[29] Doc. 1-1 ¶¶ 19–20.

from which deliberate indifference by Defendant can be plausibly inferred. Absent any factual allegations of causation and deliberate indifference, Plaintiff fails to state a plausible claim for municipal liability.

### 5. Amended Complaint Required

In light of the above, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. However, a *pro se* litigant is generally entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect.[30] Because Plaintiff proceeds *pro se* and amendment may cure the defects cited above, the Court will grant Plaintiff an opportunity to amend to remedy the deficiencies identified in this Order. As such, Plaintiff must file an amended complaint within twenty-one days of this Order. Failure to file an amended complaint within this time will result in dismissal of this action without further notice. The Court notes that, in the event Plaintiff fails to timely file an amended complaint and the Court dismisses Plaintiff's § 1983 claims—the claims in which the Court has original jurisdiction—the Court will decline to exercise its supplemental jurisdiction over any state law claims to the extent the Petition asserts them and will remand those claims back to state court.[31]

### B. Insufficient Service of Process

The Court next turns to Defendant's argument that Plaintiff's claims should be dismissed for insufficient service of process. Under Fed. R. Civ. P. 4(j)(2), service upon a state or local government defendant who has not filed a waiver of service may be effected by: "(A) delivering

---

[30] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[31] *See* 28 U.S.C. § 1367(c)(3); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Under Kansas law, a plaintiff may effect service by return receipt delivery, personal service, or residence service.[32]  To serve a county under Kansas law, a plaintiff must serve (1) one of the county commissioners; (2) the county clerk; or (3) the county treasurer.[33]  A plaintiff must show that he substantially complied with the applicable service requirements for process to be sufficient.[34]  Kansas law defines "substantial compliance" as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute."[35]

Here, Plaintiff effected personal service on Leavenworth County Counselor Misty Brown rather than on a county commissioner, the county clerk, or the county treasurer.  That attempt does not satisfy Rule 4(j)(2) or K.S.A. § 60-304(d)(1).  Kansas law establishes that "[w]hen the statute designates a particular recipient for process, courts must enforce that statutory procedure."[36]  "Allowing [a] plaintiff to serve someone other than those individuals listed in [§] 60-304(d) would violate the clear language of the statute and would not substantially comply with the statutory requirements."[37]  Because Plaintiff served the county counselor rather than one

---

[32] *See* K.S.A. § 60-303.

[33] K.S.A. § 60-304(d)(1).

[34] *Hueffmeier v. Talentum Empowerment Inst., LLC*, No. 22-CV-2333-JAR-ADM, 2023 WL 6849175, at *4 (D. Kan. Oct. 17, 2023).

[35] *Fisher v. DeCarvalho*, 314 P.3d 214, 219 (Kan. 2013) (quoting *Myers v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 127 P.3d 319, 323 (Kan. 2006)).

[36] *Rader v. U.S.D. 259 Wichita Pub. Sch.*, No. 10–4118–KHV, 2011 WL 2144834, at *1 (D.Kan. May 31, 2011) (citing *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F.Supp. 1331, 1349 (D.Kan.1994)).

[37] *Rivera v. Riley Cnty. L. Bd.*, No. 11-CV-02067-JAR-JPO, 2011 WL 4686554, at *3 (D. Kan. Oct. 4, 2011) (finding that a plaintiff did not substantially comply with K.S.A. § 60-304(d) when the plaintiff did not serve any of the individuals designated to accept service for a government agency under the statute); *Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2016 WL 4039613, at *3–4 (D. Kan. 2016) (holding that a plaintiff did not substantially comply with K.S.A. § 60-304(d)(1) when the plaintiff served a receptionist at the county attorney's office not one of the county commissioners, the county clerk, or the county treasurer); *see Blogref v. Sedgwick Cnty. Sheriff Dep't.*, 2019 WL 2174058, at *1 (D. Kan. 2019) ("[W]hen the statute designates a particular officer to whom

of the statutorily enumerated county officials, he did not substantially comply with the applicable service requirements, and service was therefore insufficient under Rule 4(j)(2) and K.S.A. § 60-304(d)(1).

However, before dismissing a claim for failure to serve process, the Tenth Circuit requires that district courts inquire whether a plaintiff has demonstrated good cause for his failure to timely effect service.[38]  If a plaintiff shows good cause, he is entitled to a mandatory extension of time to effect proper service.[39]  But even in the absence of good cause, a court may, in its discretion, still grant a permissive extension of time.[40]  Relevant factors for a court to consider when deciding whether to grant a permissive extension include whether a plaintiff is proceeding *pro se*, whether the defendant had actual notice of the lawsuit, the danger of prejudice to the defendant, the length of the delay, and whether the applicable statute of limitations would bar a re-filed action.[41]  "Generally, when the Court finds that service is insufficient but curable, it should quash service and give plaintiff an opportunity to re-serve defendant."[42]

Here, because Plaintiff has not responded to Defendant's motion to dismiss, the Court finds that he has not shown good cause for failing to effect proper service and thus is not entitled to a mandatory extension.  Nonetheless, the relevant factors support granting a permissive

---

process must be delivered and with whom it may be left, . . . no other officer or person can be substituted in her place." (quotation omitted)).

[38] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[39] *Id.*

[40] *Id.*

[41] *See, e.g.*, *Moore v. Teamsters Local 41*, No. 14-2122-JTM, 2015 WL 859074, at *2 (D. Kan. Feb. 27, 2015) (citations omitted); *Hopkins v. Clinton*, No. CV 09-185 JCH/CG, 2009 WL 10665432, at *2 (D.N.M. Oct. 30, 2009) (citing *Espinoza*, 52 F.3d at 841−42).

[42] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 (D. Kan. 2008).

extension in this case: Plaintiff proceeds *pro se*; Defendant has received notice of the lawsuit and has demonstrated, through its present motion, its ability to defend against it; and nothing in the record suggests that permitting re-service would prejudice Defendant.  Accordingly, the Court in its discretion quashes service and grants Plaintiff sixty days from the date of this Order to effect proper service upon the Board of County Commissioners of Leavenworth County, in accordance with Fed. R. Civ. P. 4(j)(2) and K.S.A. § 60-304(d)(1).  If Plaintiff fails to timely effect service within the time permitted, this case will be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 3) is **granted with leave to amend within twenty-one (21) days from the date of this Order**.  If Plaintiff fails to file an amended complaint within the time permitted, this case will be dismissed.

**IT IS FURTHER ORDERED** that if Plaintiff opts to amend, he shall have **sixty (60) days** from the date of this Order to effect proper service of that amended complaint.  If Plaintiff fails to timely effect service of the amended complaint within 60 days, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: September 23, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE